[Cite as *Alliance v. Lilly*, 2017-Ohio-5788.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| CITY OF ALLIANCE | : | JUDGES: |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff Appellee | : | Hon. W. Scott Gwin, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| ROGER K. LILLY | : | Case No. 2016CA00220 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:        Appeal from the Alliance Municipal
Court, Case No. 2016 TRC 00589


JUDGMENT:        Affirmed


DATE OF JUDGMENT:        July 10, 2017


APPEARANCES:

For Plaintiff-Appellee

CAITLYN R. SCHNEIDER
JENNIFER ARNOLD
MATTHEW KUHN
Law Directors Office
470 East Market Street
Alliance, OH 44601

For Defendant-Appellant

SHAWN O. ROBERTSON
2201 South Union Avenue
Alliance, OH 44601

*Wise, Earle, J.*

{¶ 1} Defendant-Appellant, Roger Lilly appeals the September 22, 2016 judgment denying his motion to suppress of the Alliance Municipal Court of Alliance, Ohio. Plaintiff-Appellee is the City of Alliance.

## FACTS AND PROCEDURAL HISTORY

{¶ 2} On February 28, 2016, at 1:58 a.m., Alliance Police Officer Michael Donley was patrolling the area near Oxford and Webb Streets. Donley was behind appellant's car when he observed appellant making a right hand turn. Appellant swung too wide - nearly to the opposite curb - and then remained in the opposite lane of travel for half a block beyond the corner. Based on this traffic infraction, Donley initiated a traffic stop.

{¶ 3} Asked why he executed the turn as he did, appellant told Donley "because the building was in the road," referring to a fire damaged building at the corner of Webb and Oxford. Appellant claimed he was attempting to navigate around debris from the building that had spilled into the street.

{¶ 4} Donley cited appellant for the improper turn, a seatbelt violation and operating his vehicle under the influence. He drove appellant home, and then returned to the corner of Webb and Oxford. Donley observed nothing in the street that would justify appellant's navigation of the turn. Officer Donley's observations were captured on his POV camera.

{¶ 5} Appellant filed a motion to suppress arguing that the traffic stop was unlawful. On August 12, 2016, a hearing was held on the matter. Officer Donley testified for the city and his dash camera video and POV video were admitted into evidence. Appellant testified on his own behalf and presented photos of the fire damaged building which he had taken the morning after the traffic stop.

{¶ 6} The trial court overruled appellant's motion, finding the facts elicited from Officer Donley and supported by his dash camera supported a finding for probable cause to issue a traffic citation. Thereafter, appellant entered a plea of no contest. The trial court found him guilty and convicted him. Appellant requested and was granted a stay of execution of sentence pending this appeal. He raises one assignment of error:

I

{¶ 7} "THE TRIAL COURT ERRED IN NOT SUPPRESSING THE EVIDENCE IN THIS MATTER AS THERE WERE NO SPECIFIC AND ARTICULABLE FACTS TO GIVE RISE TO REASONABLE ARTICULABLE SUSPICION THAT THE DEFENDANT-APPELLANT WAS INVOLVED IN CRIMINAL ACTIVITY OR VIOLATING ANY TRAFFIC LAWS."

{¶ 8} Appellant claims the trial court erred in denying his motion to suppress because the evidence established the Alliance Police lacked reasonable articulable suspicion to initiate the traffic stop. We disagree.

{¶ 9} There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. *State v. Fanning*, 1 Ohio St.3d 19, 437 N.E.2d 583 (1982); *State v. Klein*, 73 Ohio App.3d 486, 597 N.E.2d 1141 (4th Dist.1991); *State v. Guysinger*, 86 Ohio App.3d 592, 621 N.E.2d 726 (4th Dist.1993). Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. *State v. Williams*, 86 Ohio App.3d 37, 619 N.E.2d

1141 (4th Dist.1993). Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. *State v. Curry*, 95 Ohio App.3d 93, 641 N.E.2d 1172 (8th Dist.1994); *State v. Claytor*, 85 Ohio App.3d 623, 620 N.E.2d 906 (4th Dist.1993); *Guysinger.* As the United States Supreme Court held in *Ornelas v. U.S.*, 517 U.S. 690, 116 S.Ct. 1657, 1663 (1996), "... as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal."

{¶ 10} In *Terry v. Ohio*, 392 U.S. 1, 22, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), the United States Supreme Court determined that "a police officer may in appropriate circumstances and in an appropriate manner approach a person for purposes of investigating possible criminal behavior even though there is no probable cause to make an arrest." However, for the propriety of a brief investigatory stop pursuant to *Terry*, the police officer involved "must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." *Id*. at 21. Such an investigatory stop "must be viewed in the light of the totality of the surrounding circumstances" presented to the police officer. *State v. Freeman*, 64 Ohio St.2d 291, 414 N.E.2d 1044 (1980), paragraph one of the syllabus.

{¶ 11} " 'As a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred.'"

Katz, Ohio Arrest, Search and Seizure, Section 17:4, at 479 (2013 Ed.), quoting *Whren v. United States*, 517 U.S. 806, 810, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996).

{¶ 12} Appellant was cited under Alliance City Ordinance Section 331.10 which provides that when making a right turn, the driver of a motor vehicle shall make the turn while remaining "as close as practicable to the right-hand curb or the edge of the roadway."

{¶ 13} Appellant essentially argues the traffic stop was unreasonable because debris in the road made it necessary for him to negotiate a wide right turn. Even if that were true, as stated by our brethren from the Eleventh District in *State v. Cronin*, 11th Dist. Hamilton No. C-100266, 2011-Ohio-1479 ¶ 11-12:

> Probable cause can exist even if the officer incorrectly determines that a traffic violation has occurred or if the officer misunderstands the law that the driver is allegedly violating.* * *The test is whether an objectively reasonable police officer would believe that a traffic violation has occurred based upon the totality of the circumstances.* * *This is an objective standard, not a subjective one.* * *
>
> The proper focus is not on whether a defendant could have been stopped because a traffic violation had in fact occurred, but on whether the officer had probable cause to believe an offense had occurred. * * * (Footnotes omitted.)

{¶ 14} In its judgment entry overruling appellant's motion to suppress, the trial court found:

> The Court finds the officer's testimony credible and the cruiser camera convincing as to the fact that the Defendant's vehicle effected an extremely wide right turn into the left lane of traffic. The Court does not find that the justification offered by Defendant (i.e. debris at edge of roadway) as being credible or sufficient to explain a right hand turn which was so wide and continued for so long as Defendant maintained his vehicle in the left lane of traffic. Defendant's own photographs show that a motor vehicle was safely operated and parked with in several feet of the edge of the roadway.
>
> The Court further finds that the same facts elicited from sworn testimony by the officer and supported by the cruiser camera are sufficient to support probable cause for issuing the traffic citation.

{¶15} After a review of the record, we agree with the trial court's ruling. We note that appellant not only negotiated a wide right turn, but further remained in the left lane for half a block before finally returning to the proper lane of travel. Given the officer's observation of these infractions, reasonable, articulable suspicion existed to support the traffic stop.

{¶16} The sole assignment of error is overruled.


ise, Earle, Jr., J.

Delaney, J. and

Gwin, J. concur.


EEW/sg 628